Patric A. Lester (SBN 220092)
PL@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace  (SBN 236621)
sgrace@lawlh.com
Luftman, Heck & Associates, LLP
501 West Broadway, Ste. 800
San Diego, CA 92101
Phone: 619-400-4900
Fax:  619-923-3661

Attorneys for Plaintiff Drew Hill

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL, | Case No.: **'12CV0307 WQHJMA** |
| Plaintiff, | |
| vs. | COMPLAINT |
| ALLIED INTERNATIONAL CREDIT CORPORATION | DEMAND FOR JURY TRIAL |
| Defendant. | |

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Drew Hill, (hereinafter "Plaintiff") for Allied International Credit Corporation  (hereinafter "Allied " and/or "Defendant") violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq*. (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, *California Civil Code § 1788 et seq*. (hereinafter "the Rosenthal

///

---

[1] All undesignated section references to §1692 are to the FDCPA

2. Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act, *47 U.S.C. §277 et seq*, (hereinafter "TCPA")[3] which prohibits the making of unconsented to phone calls to cell phones.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

5. This action arises out of Defendant's violations of the FDCPA, Rosenthal Act and TCPA.

6. Jurisdiction arises pursuant to *28 U.S.C. § 1391, 1337, 15 U.S.C. §1692(k)(d), and 47 U.S.C. §277 et seq.* and *28 U.S.C.§1367* for supplemental state claims.

7. Venue is proper in this Court pursuant to *28 U.S.C. § 1391*.

## THE PARTIES

8. Plaintiff is a natural person residing in San Diego County, California.

9. Plaintiff is a "consumer" within the meaning of *§ 1692a(3)* in that he is a natural person purportedly obligated to pay a credit card debt, allegedly owed to Citigroup, (hereinafter "Debt")

10. Plaintiff is a "debtor" as that term is defined by *§1788.2(h)*.

11. Plaintiff is a "person" as defined by *47 U.S.C. §153(10)*.

12. At all times relevant herein, Defendant, Allied was a company engaged, by use of the mails and telephone in the business of collecting debts, as defined by *§1692a(5)*, and consumer debts as defined by *§ 1788.2(f)*. Allied regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§ 1692a(6)* and *§1788.2(c)*.

---

[2] All undesignated section references to §1788 are to the Rosenthal Act

[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

13. As Allied does business in the state of California, and committed the acts that form the basis for this suit in the state of California, which includes using instrumentalities of interstate commerce by making phone calls across State boundaries to consumers residing in the Southern District of California, and by mailing letters to consumers in the Southern District of California, this Court has personal jurisdiction over Allied for purposes of this action.

### FACTUAL ALLEGATIONS

14. At all times herein, Defendant, was attempting to collect, from Plaintiff, a debt as defined by *§1692a (5)* of the FDCPA and a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

15. Prior to August 25, 2011, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

16. Prior to August 25, 2011, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

17. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

18. The phone calls were communications within the meaning of *§1692a(2)*.

19. By engaging in this conduct the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendant violated *§1692d*.

20. Beginning on or about August 26, 2011, and on multiple occasions since that time, Defendant contacted Plaintiff on his cellular telephones via an "automatic telephone dialing system," as defined by *47 U.S.C. §227(a)(1)*.

21. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by *47 U.S.C. §227(b) (1) (A)*.

22. These telephone calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. §227(b) (1) (A) (i)*.

///

23. Plaintiff did not provide prior express consent to receive calls on her cellular telephone, pursuant to *47 U.S.C. §227(b) (1) (A)*.

24. These telephone calls by Defendant violated *47 U.S.C. §227(b) (1)*.

25. On and continuing thereafter for several months many of these phone calls were made to Plaintiff before 8 a.m. Pacific Standard Time.

26. Plaintiff was harmed by the acts of Defendant including but not limited to the following ways:

    (a) Defendant calls to Plaintiff's cellular phone caused Plaintiff to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff previously paid,

    (b) By calling him in the early morning while he was still asleep repeatedly and continuously with the intent to annoy, abuse and/or harass him caused him stress, anxiety, loss of sleep and resulting overall diminished abilities to carry on his activities of daily living.

27. By communicating with Plaintiff before 8:00 a.m. Pacific Standard Time, a presumptively and actually inconvenient time per *§1692c(a)(1)*, Defendant violated *§1692c(a)(1)*

28. The communications were debt collections as defined in *§1788.2(b)*.

29. Because these communications violated the language in *§1692c(a)(1)*, Defendant also violated *§1788.17* of the Rosenthal Act as it incorporates *§1692c(a)(1)*.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

30. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, *15 U.S.C. § 1692 et seq*. As result of each and every violation of the FDCPA,

1  Plaintiff is entitled to any actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*; statutory damages
2  in an amount up to $1,000.00 pursuant to *15 U.S.C. § 1692k(a)(2)(A)*; reasonable attorney's fees
3  and costs pursuant to *15 U.S.C. § 1692k(a)(3)* from defendant.

### SECOND CLAIM FOR RELIEF

**(Claim for violations of the Rosenthal Act)**

32. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

33. Plaintiff is entitled to statutory damages of $1000.00 under *§1788.17* of the Rosenthal act for Defendant violations, as enumerated above, of the FDCPA.

34. Plaintiff is also entitled to attorney's fees and costs for violations of the Rosenthal *§1788.30(c)* of the Rosenthal Act.

### THIRD CLAIM FOR RELIEF

**(Negligent Violations Of The Telephone Consumer Protection Act)**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq*.

37. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b) (3) (B)*.

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### THIRD CLAIM FOR RELIEF

**(Negligent Violations Of The Telephone Consumer Protection Act)**

39. Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

///

1  40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq*.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Declare that the Defendant violated the TCPA;

(5) Award of actual damages in accordance with proof at trial, pursuant to *§1692k(a)(1)* of the FDCPA;

(6) Award of statutory damages of $1,000.00 pursuant to *§ 1692k(a)(2)(A)* of the FDCPA;

(7) Award of statutory damages of $1,000.00 pursuant to *§ 1788.17*[4] of the Rosenthal Act;

(8) Award of the costs of litigation and reasonable attorney's fees, pursuant to *§1692k (a) (3)* of the FDCPA and *§ 1788.30(c)* of the Rosenthal Act;

(9) Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*

(10) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to *47 U.S.C. §227(b) (3) (B)*

---

[4] *§ 1692k(a)(2)(A) of the FDCPA*

(11)    Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

42.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Lester & Associates

February 6, 2012
Dated

*s/Patric A. Lester*
By Patric A. Lester
Attorney for Plaintiff,
DREW HILL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DREW HILL,

## DEFENDANTS
ALLIED INTERNATIONAL CREDIT CORPORATION

**(b)** County of Residence of First Listed Plaintiff: San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Henrico County, Virginia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'12CV0307 WQHJMA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patric A. Lester, 5694 Mission Center Road, #358, San Diego, CA 92108, Phone: (619) 665-3888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 02/06/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Patric A. Lester

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____